## LIABILITY FOR FALSE REPRESENTATIONS AS TO VALUE.

Court of Appeals for Hamilton County.

LESLIE JOHNS v. CHARLES H. HOPPER.

Decided, November 27, 1916.

*Warranty—Liability for Representations Which Proved to be False— Case of a Vendor Seeking to Retain Benefit from the Sale—Distinguished From that of an Agent Acting in Good Faith.*

Liability on the part of an agent for damages on account of false representations as to the value of a thing sold does not arise in the absence of a showing of bad faith, or that the belief of the defendant as to the truth of the representations was not justified by the facts.

John Nichols and Frank P. Shaw, for plaintiff in error.
Charles F. Malsbary and Frank E. Wood, contra.

JONES (Oliver B.), J.

This was an action in the court of common pleas for damages for false representations in the sale of stock of the Williams Shoe Company. The defendant sold the stock as an agent of

the Williams Shoe Company, and shortly after the plaintiff had paid for the stock and the certificates had been issued but before he had received them, that company was thrown into the hands of receivers, and the stock proved to be worthless.

Plaintiff sought to rescind the sale and to recover the amount which he had paid for the stock. The Williams Shoe Company was not made a party, and the case proceeded to trial before a jury as an action for money. The trial resulted in a verdict for defendant, on which judgment was entered. Error is prosecuted in this case to reverse that judgment and for a new trial.

. It is contended that the trial court erred in refusing to give a special charge requested by plaintiff before argument, as follows:

"If you find the plaintiff was induced to purchase the stock, by means of representations made by the defendant to plaintiff, however honestly made, and the representations so made by the defendant were material and substantial, affecting the identity, value or character of the stock, that the plaintiff had a right to rely upon them, and that he was induced by them to make the purchase, and that said representations were false, although at the time they were made by the defendant he believed them to be true, you will find for the plaintiff."

This charge is claimed to be taken almost verbatim from the opinion of the Supreme Court in *Mulvey* v. *King*, 39 O. S., 491, counsel for defendant in error in their brief quoting the language of the opinion, beginning in the last paragraph on page 494. But in their quotation they omit the first sentence of that paragraph, which states:

"It may be considered as well settled in this state, by the cases above cited, that an action for damages caused by misrepresentation can not ordinarily be maintained, without proof of actual fraud, or such gross negligence as amounts to fraud."

The special charge as drawn fails to include the element that the defendant, who it is claimed made the false representation, is claiming the benefit of the contract. In the case of *Mulvey* v. *King*, suit was brought by a vendor of real estate against his

vendee, upon a promissory note which was executed as part payment of the consideration of the purchase, and the defendant was there permitted as against that claim to set up the false representation of fact affecting the identity and value of the real estate.

In this case the suit is not against a vendor of stock who is seeking to retain purchase money, but is against an agent who had no interest in the sale other than his salary as such agent. It was admitted in the trial of the case by counsel for plaintiff, that defendant did not wantonly and wilfully make a false statement. And even if that admission is not to be considered, the question of his good faith was a fact submitted to the jury, and their finding was in favor of defendant.

If the representations of defendant should be treated as amounting to a warranty of the character of the stock, it would be merely the warranty of an agent for his principal, and the right of action on such warranty would be against the principal and not against the agent.

This special charge would impose upon the defendant an absolute liability irrespective of his good faith, even though his belief in the truth of the representations made by him were justified by the facts. This would be contrary to the doctrine announced in *Taylor* v. *Leith*, 26 O. S., 428.

The case of *Gaisser* v. *Hansen*, recently decided by this court, referred to in the argument of counsel, was one in which the purchaser of real estate paid the purchase price in part by the transfer of certain bank stock, which he represented to be of a particular value when in fact it was almost worthless, although the vendee had not knowledge of such fact at the time of the purchase. This court held that under the evidence the vendor was entitled to rely upon the representations of the vendee as to the value of the stock, and he would not be permitted under the circumstances to retain the real estate without making good the entire purchase price which the vendor had not received because of such representation. That case therefore does not control the case at bar and is not in conflict with the rulings of the trial court.

In our opinion, therefore, it was not error in the trial court to refuse this special charge.

Criticisms are made as to several portions of the general charge of the court, but considering this charge as an entirety we are of the opinion that the law of the case was fairly stated, and we find no prejudicial error in it.

It is further claimed by plaintiff in error that the court erred in refusing to admit the testimony of a witness as to representations made to him and other persons by defendant similar to those claimed to have been made to the plaintiff. Under the law as laid down in *Insurance Co.* v. *Reed,* 33 O. S., 533, we think the court was right in rejecting this evidence. It would only be admissible, if at all, to show that the defendant knew the statements to be false, and as there is no evidence tending to show such knowledge—and in fact the plaintiff in the trial disclaims making such a charge against defendant—we find no error in the refusal to admit such evidence.

A careful consideration of the entire record fails to reveal any error to the prejudice of plaintiff in error, and the judgment will be affirmed.

JONES (E. H.), P. J., and GORMAN, J., concur.